Dear Senator Hinton:
You have asked for an opinion from this office regarding the right and authority of the City of Slidell to remove signs from a state highway passing through the city limits. These signs are apparently owned by the Department of Transportation and installed by them although they advertise a private concern.
Since the signs appear to be publicly owned, the provisions of R.S. 32:236 would not apply. This statute provides that privately owned signs on public rights-of-way are prohibited. The statute also states that a private concern may obtain the permission of the governing authority maintaining the highway or street, in which case the sign would be legal.
The general grant of authority to municipalities in regard to regulation of state highways within their jurisdiction is R.S.32:41(C), which states:
 Local municipal authorities also may adopt ordinances regulating traffic on state maintained highways within their corporate limits, so long as such ordinances do not establish regulations different from, or in addition to the provisions of this Chapter and the regulations of the department and the commissioner adopted pursuant thereto. In addition, local municipal authorities may adopt ordinances which supplement the provisions of this Chapter and regulations of the department and commissioner adopted pursuant thereto but only after such ordinances have been approved in writing by the department.
According to this statute, local authorities may regulate traffic on state highways as long as they do not change the current regulations of the Department of Transportation. Any substantive change or supplement to the rules and regulations of the Department of Transportation would require written authorization. There is no mention of signage, and given that omission, it would presumably be a matter for decision by the Department of Transportation and require, as a minimum, their written authorization. Several opinions of this office have dealt with this statute and I have attached copies for your review. See, Attorney General Opinions Nos. 86-33, 79-932, 94-568.
The signs in question do not deal with traffic regulation, they are information signs placed on the state right of way for the benefit of travelers and to promote local enterprises. This is not inconsistent with signage at almost every exit of the state highway system advertising accommodations, restaurants and gas stations. The decision to place signs on the state right of way is in the sole discretion of the state authorities, unless the local municipality has legitimate concerns regarding the flow of traffic within their jurisdiction and then, and only then, can the municipality make modifications consistent with the terms and conditions of R.S. 32:41(C).
In summary, unless the City of Slidell can obtain the written permission of the Department of Transportation to remove the signs in question, it is the opinion of this office that they are the property and under the sole control of the Department of Transportation and any effort by the City of Slidell to remove same would be ineffectual and illegal.
We hope this meets your inquiry. We apologize for any delay in the issuance of this opinion. Should you have any additional questions, please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General